ANDREW PASETTI, CLAIMANT-APPELLANT v. BOARD OF
REVIEW, DEPARTMENT OF LABOR AND INDUSTRY,
OFFICE OF HEARINGS, APPEALS AND REVIEWS, RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 30, 1978—Decided February 17, 1978.

Before Judges MICHELS, PRESSLER and BILDER.

*Messrs. Nolan, Lynes, Bell and Moore,* attorneys for claimant-appellant (*Messrs. Cole and Deitz* of the New York Bar, of counsel and on the brief).

*Mr. John Degnan,* Attorney General of New Jersey, attorney for respondent (*Mr. William F. Hyland,* former Attorney General of New Jersey, and *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

BILDER, J. S. C., Temporarily assigned. This is an appeal from the denial of temporary disability benefits to a claimant whose injury resulted from an abortive suicide attempt—a self-inflicted gunshot wound to the head. Claimant alleges error in the failure of the Board of Review to consider his mental state at the time of the event, which mental state, he alleges, negates the "willfully or intentionally self-inflicted injury" exclusion of *N. J. S. A.* 43:21–4(f)(1)(C).

We agree with claimant. He shot himself while in the midst of a severe depression brought about by the cumulative effects of his wife's prolonged terminal illness and his own employment difficulties, the latter stemming largely from the effects of the former. At the time of claimant's injury, he was caring for a wife who had been sent home in the last stages of terminal esophageal cancer; he had lost a job as an auto mechanic which he had held for the prior ten years; he was faced with the loss of the family home, and had an eight-year-old daughter who needed support, understanding and comfort in this trying period. The severe depressive state into which he slipped is well documented—and uncontradicted—by the record. The Board of Review noted:

In the opinion of the psychiatrist [who examined claimant shortly after the injury], the claimant's "attempt to end his life was an impulsive act." He "did not have any awareness of the consequences of his actions. His actions were impulsive, decisive and final in their nature, but without thought of purpose or outcome in relation either to himself or to his family."

*N. J. S. A.* 43:21-4(f)(1)(C) provides, among other things, that disability benefits shall not be payable "For any period of disability due to willfully or intentionally self-inflicted injury * * *". While the construction of this particular statutory language is one of first impression, the controlling principles have already been enunciated by our Supreme Court in *Ruvolo v. American Cas. Co.*, 39 *N. J.* 490 (1963). There the court, dealing with an analogous situation (the construction of an intentional death exclusion in a liability insurance policy), held that a shooting committed on an irrational impulse, at a time when the insured "was suffering from a derangement of his intellect which deprived him of the capacity to govern his conduct in accordance with reason," was not "intentional" within the meaning of the insurance contract. *Id* at 498.

The Unemployment Compensation Law under which claimant seeks to recover is remedial in nature and should be liberally construed to further its beneficial objectives. *Provident Inst. for Sav. in Jersey City v. Div. of Employm. Security*, 32 *N. J.* 585, 590 (1960). We entertain no doubt that the principles which our Supreme Court found applicable to the insurance policy in *Ruvolo* are equally applicable here.

The Board of Review found that the shooting was an impulsive act without awareness of the consequences or thought of purpose. Such an act is neither willful nor intentional within the meaning of *N. J. S. A.* 43:21-4(f)(1)(C).

Reversed and remanded for entry of an order granting the claimed benefits.